# Richmond

## JESSE L. MAUGHS V. CITY OF CHARLOTTESVILLE.

January 18, 1943.

Record No. 2645.

CASE No. 1.  LARCENY.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*E. O. McCue* and *Paxson, Williams & Fife*, for the plaintiff in error.

*L. W. Wood*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The accused, Jesse Maughs, was tried upon a warrant issued by a justice of the peace of the city of Charlottes-

ville, which alleged, "that Jesse Maughs, * * * did unlawfully take, steal and carry away one lot of tie plates the property of the C. & O. R. R. * * * of the value of less than $50.00 in violation of an ordinance of said city."

He was found guilty by the civil and police justice and his punishment fixed at confinement in jail for a period of sixty days. Upon appeal to the Corporation Court of the city of Charlottesville, a trial by jury was waived and all matters of law and fact were submitted to the trial court. The accused was found guilty by the court and his punishment fixed at six months confinement in jail and a fine of $100.

The accused assigns as error this action of the trial court, because the verdict is without evidence to support it.

It is not necessary to recite all the testimony, for the reason that the case is before this court for determination under the provisions of Acts 1891-2, p. 962 (Michie's Code 1942, section 6363), which provides that, "the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it."

The case of the city is as follows:

It appears that on the 26th day of February, 1942, at approximately 8:15 p. m., two police officers of the city of Charlottesville observed the automobile of the accused parked on the north side of Garrett street, headed in a westerly direction. Garrett street runs east and west and parallel with the tracks of the Chesapeake & Ohio railroad.

Sometime prior to the alleged theft, the employees of the railway company were laying a new track parallel to Garrett street and had placed some old tie plates on the side of the track.

When the police officers noticed the automobile of the accused parked on Garrett street, they approached the north side of the track for the purpose of observing the action of the occupant of the automobile. The evidence of the two officers is substantially the same. According to their testimony, they saw the accused make three or four trips

from his automobile to the railroad tracks and heard him "hammering tools" of some sort; they started toward the accused but before they could arrest him, accused left the scene in his automobile at a rapid rate of speed; one of them fired three shots in the air; in an effort to stop him, they commandeered a car and finally arrested accused whom they found sitting in his parked car in front of a house on King street, owned by his mother. A search of the car disclosed a number of plumbing tools in the back of the automobile and twenty-one tie plates in the front seat.

The accused relied upon the defense of an alibi and claimed that the tie plates were placed in the car after he was arrested in order to "frame him."

There is no dispute of the fact that the plumbing tools belonged to the accused. It is also undisputed that the real value of the tie plates was the sum of two dollars.

All conflicts in the evidence have been resolved against the accused and if this were the only point in issue, the verdict should be sustained. It is a settled rule in this Commonwealth that when a jury is waived by the accused and the case is submitted to the trial court for determination, then it must be determined by the same rule of law and upon the sufficiency of the evidence applicable to a trial by a jury.

In every criminal prosecution, "It devolves upon the Commonwealth to prove, first, the *corpus delicti*, that is, the fact that the crime charged has been actually perpetrated; and secondly, that it was committed by the accused. To justify a conviction, the evidence must be so convincing as to exclude every reasonable doubt of the guilt of the prisoner." *Goldman* v. *Commonwealth*, 100 Va. 865, 878, 42 S. E. 923.

In *Stine* v. *Commonwealth*, 162 Va. 856, 174 S. E. 758, the court quoted Bishop's Crim. Pro., section 1058-9, as follows:

" 'On the whole, the doctrine may be said to be that special care should be exercised as to the *corpus delicti*, and there should be no conviction except where this part of the case is proved with particular clearness and certainty.' "

In *Poulos* v. *Commonwealth*, 174 Va. 495, 500, 6 S. E. (2d) 666, Mr. Justice Gregory adopted the rule stated in 1 Starkie on Evidence, page 510, which is as follows:

" 'The rule in criminal cases is that the coincidence of circumstances tending to indicate guilt, however strong and numerous they may be, avails nothing unless the *corpus delicti*, the fact that the crime has been actually· perpetrated, be first established. So long as the least doubt exists as to the act there can be no certainty as to the criminal agent.' " See also *Drinkard* v. *Commonwealth*, 163 Va. 1074, 1082, 178 S. E. 25.

In the case at bar, the *corpus delicti* is that the accused did "unlawfully take, steal and carry away one lot of tie plates the property of the C. & O. R. R. * * * of the value of less than $50.00."

In our view of the case, the verdict stands or falls upon proof or lack of proof of the *corpus delicti*. Was there any evidence before the trial court to prove the *corpus delicti?* That the question must be answered in the negative is conclusively demonstrated by the only evidence offered upon the questions of ownership and the identity of the tie plates. Three of the employees of the railway company testified that they examined the tie plates found in the car of accused and they were similar to the plates used by the company.

The witness K. Tolley, assistant secretary of the company, when asked to identify the plates as the property of the company, stated: "I could not say it was the C. & O. plate but from where they said it came from, I would think so."

J. R. Young, an employee of the company, testified as to similarity of the plates but when asked the direct question, if any tie plates were missing from the pile on the side of the main track, answered: "We did not have any chance to know that. We did not have any occasion to."

"When the alleged owner thinks he has lost the property, but will not swear he has, * * * the ownership is not, by this evidence, sufficiently proved." 2 Bishop on Cr. Law, sec. 752.

This is all the evidence throwing any light on the questions of ownership and larceny.

The statement by the witness Young, that they had no chance to know whether any tie plates had been stolen from the company, is but begging the question. It was the duty of the prosecutor to show a loss of tie plates and the ownership of them. All that was necessary to show a loss was to count the number of tie plates removed from the rails by the employees and then count the number of tie plates on hand.

It is argued that accused did not raise the question of the *corpus delicti* in the trial court. The answer to this argument is that he had a right to assume that the city would prove its case without any assistance from him.

It follows from what has been said that the judgment complained of must be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*