## Richmond

ALVIN R. CANNADY v. COMMONWEALTH OF VIRGINIA.

March 9, 1970.

Record No. 7156.

Present, All the Justices.

*Carroll O. Ferrell (Manning and Ferrell, on brief), for plaintiff in error.*

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General, on brief), for defendant in error.*

SNEAD, C.J., delivered the opinion of the court.

On June 1, 1967, Alvin R. Cannady, defendant, was arraigned on four indictments charging him with the burglary of the dwelling house of Herbert Pearsall and three dwellings of other persons. The defendant pleaded not guilty to each indictment. A trial by jury was waived and the four cases were tried together without objection. The defendant was found not guilty on one of the indictments but was convicted on the other three, which included the one relating to Pearsall's dwelling. On this indictment he was convicted of statutory burglary and was sentenced to the State peni-

tentiary for a term of five years. We granted defendant a writ of error to that judgment.

The defendant has assigned as error the court's refusal to sustain his motions to strike the Commonwealth's evidence. Thus the sole issue is the sufficiency of the evidence to sustain the judgment of conviction.

The evidence showed that Pearsall and his wife left their trailer home in Portsmouth for the weekend on Friday morning, April 7, 1967 and returned the following Sunday night. Pearsall testified that he "locked the doors and made sure the doors were all locked and all the windows were closed up tight". When the Pearsalls returned home they discovered that a piggy bank, a class ring, a watch with a broken band, and a tape recorder were missing. Pearsall stated that no one other than his wife and himself had access to the trailer, and that entry was gained "by slipping a sharp object in the lock, by prying the door open".

Detective Charles A. Gibson of the Portsmouth Police Department testified that defendant was arrested on another charge and was searched at police headquarters. A number of pawn tickets were found in his wallet. One related to a certain television set reported to have been stolen from the home of Thomas Lee McVicker.[1] Upon examination of a police report Gibson learned that certain other property was missing.

Cannady gave as his address 1313 Washington Street, Portsmouth, the home of his father. Upon investigation it was found that this was false. Officer Gibson obtained a search warrant for defendant's home at 2013 Des Moines avenue in Portsmouth and, along with officer Thompson and defendant's "alleged wife", Lola Taylor, went to the premises and made a search. Several items listed in the warrant were found there along with a tape recorder. The next day Cannady was charged with the burglary of Pearsall's home. At the trial of the case the tape recorder was introduced into evidence and was positively identified by Pearsall as the one taken from his home.

At the conclusion of the Commonwealth's evidence defendant made a motion to strike, which was overruled. The defendant neither testified nor offered any testimony in his behalf and renewed his motion to strike. Again it was overruled.

---

[1] Appellant was charged in one of the four indictments with the burglary of McVicker's home.

"Under Virginia law, upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, 'the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny'. *Drinkard v. Commonwealth*, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935); *Hawley v. Commonwealth*, 206 Va. 479, 144 S.E.2d 314 (1965); *Fout v. Commonwealth*, 199 Va. 184, 98 S.E.2d 817 (1957)." *Sullivan v. Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969).

In the case at bar the Commonwealth proved a breaking and entering and theft of a tape recorder and other property. The evidence warranted "an inference that the breaking and entering and the theft were committed at the same time, by the same person and as part of the same transaction". Cannady contends, however, that no inference arises against him at all because the evidence failed to show that he was in "exclusive possession" of the stolen goods. He argues that the tape recorder was found on the premises occupied by himself and Lola Taylor, and that he did not have exclusive possession because it "was just as likely that it was in the possession of Lola Taylor".

An examination of the record reveals no evidence that the premises at 2013 Des Moines avenue was occupied by any one other than defendant. The evidence shows that at the time of the search of his home defendant was in exclusive possession of the goods later identified by Pearsall. Since defendant offered no explanation for possession of the stolen property, the trier of fact could properly find him guilty of burglary. *Sullivan v. Commonwealth, supra.*

We hold that it was not error for the trial court to deny Cannady's motions to strike the Commonwealth's evidence. The judgment appealed from is

*Affirmed.*