## Richmond

ERNEST HERBERT GRIFFITH V. COMMONWEALTH OF VIRGINIA.

June 12, 1972.

Record No. 7893.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Elmer Holst* (*John E. Donaldson, Jr.,* on brief), for plaintiff in error.

*William P. Robinson, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Ernest Herbert Griffith, was convicted by a jury of statutory burglary, and his punishment was fixed at three years in the penitentiary. He was sentenced accordingly, and we granted him a writ of error.

The determinative question is the sufficiency of the evidence. The record shows that on December 18, 1969, the apartment of Janice Ann Flynn was burglarized. Investigation revealed that there were missing, among other things, a "brownish cardboard carton" and an "orange colored sweater."

On the same date, Robert Proctor, an employee of the apartment project, saw the defendant in the parking lot adjacent to the building where Mrs. Flynn's apartment was located. Proctor testified that the defendant was carrying a cardboard box covered with what appeared

to be a "yellowish . . . scarf to go on an end table," but which, according to Proctor, "could have been a scarf, or sweater, or anything."

Proctor observed the defendant enter an automobile and leave "at a high speed." Proctor wrote down the license number of the vehicle and turned it over to the police. The defendant was later apprehended and charged with the burglary.

Arguing that the conviction should be sustained, the Commonwealth relies upon the case of *Cannady v. Commonwealth*, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970), where the following quotation was taken from *Sullivan v. Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969):

> "Under Virginia law, upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as a part of the same transaction, 'the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny'. *Drinkard v. Commonwealth*, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935); *Hawley v. Commonwealth*, 206 Va. 479, 144 S.E.2d 314 (1965); *Fout v. Commonwealth*, 199 Va. 184, 98 S.E.2d 817 (1957)."

However, in this case the evidence did not show that the goods the defendant was seen carrying were the goods which had been stolen. All the evidence showed was that the defendant was near the scene of the crime on the day it occurred and that he was carrying an ordinary cardboard box covered by something roughly similar to an article which had been stolen. While his actions were suspicious, the evidence in total was not sufficient to establish his guilt beyond a reasonable doubt. *See Barnett v. Commonwealth*, 210 Va. 348, 170 S.E.2d 760 (1969).

The judgment of conviction will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*