COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


JAMES CHRISTIAN CATTERTON
                                         OPINION BY
v.         Record No. 2890-95-4    JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 12, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Donald H. Kent, Judge

            Richard C. Goemann, Senior Assistant Public
            Defender, for appellant.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     On appeal from his bench trial conviction of grand larceny

of a motor vehicle, in violation of Code § 18.2-95, James

Christian Catterton contends that the trial court erred in

denying his motion to strike the evidence, because the evidence

did not preclude a reasonable inference that the car was taken

with the permission of the repair shop bailee, an alternative

"owner" of the vehicle.  We find no error and affirm the judgment

of the trial court.

     The indictment against Catterton charged that he "did

unlawfully and feloniously, take, steal, and carry away a 1986

Ford Bronco, . . . belonging to Debora Brooke, with the intent to

permanently deprive the owner thereof."

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The judgment of the trial court sitting without a jury will not be set aside unless plainly wrong or without evidence to support it.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In April 1995, Deborah Brooke took her 1986 Ford Bronco to a mechanic's shop for repairs.  When she returned to pick it up, it was missing.  She testified that she gave no one permission to take the Bronco from the repair shop.  She did not know Catterton.  The mechanic did not testify.

On May 19, 1995, Officers McMean and Booth pursued the Ford Bronco, which had been involved in a hit-and-run accident.  At a dead end, the vehicle stopped and a single figure ran from the driver's side into a park.  The officers saw no one else in or about the vehicle.  Officer McMean subsequently apprehended Catterton in the park.  Catterton told the officers that "Fred" had been driving the vehicle.

Catterton, a convicted felon, testified that earlier on the evening of May 18, 1995, a person named Tony took him in the Bronco to several bars and that he assumed the Bronco belonged to Tony.  Catterton did not know Tony's last name.  Catterton testified that Tony stayed at a bar with a woman and allowed Catterton to drive the Bronco home.

> In every criminal prosecution, "It devolves upon the Commonwealth to prove, first, the corpus delicti, that is, the fact that the crime charged has been actually perpetrated; and secondly, that it was committed by the

- 2 -

accused.  To justify a conviction, the
evidence must be so convincing as to exclude
every reasonable doubt of the guilt of the
prisoner."

Maughs v. Commonwealth, 181 Va. 117, 120, 23 S.E.2d 784, 786

(1943) (citation omitted).  To support a conviction of larceny,

the Commonwealth must prove beyond a reasonable doubt that there

has been an unlawful taking of property from the owner and that

the taking was committed by the defendant.  See id. at 120-21, 23

S.E.2d at 786.

     Catterton contends that when Ms. Brooke left the Bronco at

the repair shop, the repairman, as bailee, became the "owner" of

the car for the purpose of proving larceny.  We disagree.

     When Ms. Brooke took her vehicle to the repair shop, she

relinquished possession to the repair shop only for the special

purpose of fixing her brakes.  She retained both her ownership

and her right to reclaim possession.  Ownership for purposes of

proving larceny may belong either to the true owner or to the

owner's bailee.

>     "To sustain an indictment for larceny . . .
>     it is sufficient that the goods alleged to
>     have been stolen are proved to be either the
>     absolute or special property of the alleged
>     owner."
>
>                *    *    *    *    *    *    *
>
>     "'Where there is both a general and special
>     owner, the rule is nearly universal that the
>     pleader may charge the goods as belonging to
>     either, though often the convenience of
>     making proof will suggest practical grounds
>     for choice.'"
>
>                *    *    *    *    *    *    *

- 3 -

> "'The rule is general . . . that where chattels are taken feloniously from any bailee or other special owner . . . the ownership may be laid either in such possessor or the real owner, at the election of the pleader.'"

Latham v. Commonwealth, 184 Va. 934, 940, 37 S.E.2d 36, 38–39 (1946) (citations omitted).

The indictment sufficiently charged larceny by alleging theft of the Bronco from its general owner, Ms. Brooke. The evidence proved that charge. Ms. Brooke authorized no one to take the vehicle from the repair shop. Specifically, she gave no such permission to Catterton.

"Once [larceny] is established, the unexplained possession of recently stolen [property] permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). Catterton's possession of the Bronco, his flight, and his patently incredible and totally unsupported explanation of his possession support the inference that he was the thief.

The judgment of the trial court is affirmed.

                                        Affirmed.