COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


WILLIAM J. CULLIPHER

                                    MEMORANDUM OPINION* BY
v.    Record No. 2422-01-1         JUDGE WALTER S. FELTON, JR.
                                         OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Rodham T. Delk, Jr., Judge

           Timothy E. Miller, Public Defender (Office
           of the Public Defender, on brief), for
           appellant.

           Eugene Murphy, Assistant Attorney General
           (Jerry W. Kilgore, Attorney General, on
           brief), for appellee.


     William J. Cullipher was convicted in a bench trial of two

counts of statutory burglary, in violation of Code § 18.2-91, and

one count of grand larceny, in violation of Code § 18.2-95.  On

appeal he contends that the evidence was insufficient to sustain a

conviction for statutory burglary and grand larceny.  For the

following reasons we affirm the judgment of the trial court.

                        I.  BACKGROUND

     On October 18, 2000, at approximately 8:15 a.m., Sheila

Strickland heard her kitchen door open, then slam against the

wall.  When she entered the room, she discovered that the screen

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

door was propped open.  Seeing nothing else, she closed the door and went about her morning routine.  At approximately 9:00 a.m., Ms. Strickland prepared to leave the house and discovered that her purse was missing.  Later that evening, with the assistance of her mother and the police, her purse was discovered in her neighbor's trash.  Missing from the purse were her wallet, some blank checks, and credit cards.

Patricia Waterfield lived four houses away from Ms. Strickland.  On that same day, she came home for lunch to discover the side door ajar.  Upon entering the house, she found that her VCR, jewelry valued at approximately $8,000, and a dark blue nylon carry-on/gym bag with red piping were missing.  Upon this discovery, she notified police officers who were on her property and currently investigating the incident at Ms. Strickland's home.

Earlier that morning, between 8:00 a.m. to 8:15 a.m., William Cullipher knocked on Naydene Mitchell's door.  Ms. Mitchell is a neighbor of both Ms. Strickland and Ms. Waterfield.  Upon answering the door, Cullipher asked her if her house was the Jordan residence.  She told him no.  She further stated that none of the neighbors were named Jordan and she knew of no one by that name.  Cullipher left and walked in the direction of Sheila Strickland's and Patricia Waterfield's homes.  He carried nothing in his hands at that time.

-

Roger Winsor, another neighbor, saw Cullipher between eight and nine o'clock that morning.  Mr. Winsor saw him running across the lawn carrying a "[b]lue bag, duffel bag-type thing." Cullipher was moving in a direction away from the victims' houses and toward Ms. Mitchell's house.  He returned to Ms. Mitchell's house to request a ride.  Ms. Mitchell declined and told him that he could use the phone at the gas station up the road.  She observed him pick up a bag that "was blue with a little bit of red on it, kind of a carry on bag."  Ms. Mitchell could not see the bag initially because Cullipher had placed it behind a bush.  However, she observed him retrieve the bag and walk away in the direction away from the victims' houses.

As Cullipher left the property, Jo Anne Rowland saw him from her porch.  He asked her if she knew where the Jordans lived.  Ms. Rowland observed that Cullipher was carrying a dark colored bag.  She could not provide further details regarding it.  Approximately an hour later, Mr. Winsor saw Cullipher at the McDonald's on Holland Road with the same bag he observed earlier.

On June 7, 2001, Cullipher was convicted of two counts of statutory burglary, in violation of Code § 18.2-91, and one count of grand larceny, in violation of Code § 18.2-95.  He appeals that conviction.

II. ANALYSIS

> Where the sufficiency of the evidence is
> challenged after conviction, it is our duty
> to consider it in the light most favorable
> to the Commonwealth and give it all
> reasonable inferences fairly deducible
> therefrom. We should affirm the judgment
> unless it appears from the evidence that the
> judgment is plainly wrong or without
> evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Cullipher contends that the evidence was insufficient to show that he was the person who committed the burglaries and larceny. He argues that the only evidence purportedly linking him to the crimes was possession of a bag, roughly similar to a bag that was stolen, but was insufficiently identifiable to prove his guilt. In support of his argument, Cullipher relies on Griffith v. Commonwealth, 213 Va. 50, 189 S.E.2d 366 (1972).

In Griffith, an apartment was burglarized and the investigation revealed that there was missing, among other things, a brownish cardboard carton and an orange colored sweater. On the same day of the burglary, an employee of the apartment complex saw Griffith carrying a cardboard box covered with what appeared to be a yellowish scarf to go on an end table. He also stated it could have been a scarf, sweater, or anything.

In reversing Griffith's conviction, the Supreme Court held that

-

in this case the evidence did not show that the goods the defendant was seen carrying were the goods which had been stolen. All the evidence showed was that the defendant was near the scene of the crime on the day it occurred and that he was carrying an ordinary cardboard box covered by something roughly similar to an article which had been stolen. While his actions were suspicious, the evidence in total was not sufficient to establish his guilt beyond a reasonable doubt.

Griffith, 213 Va. at 51, 189 S.E.2d at 367. Griffith's conviction was reversed because the cardboard box and the item covering it were not sufficiently identifiable. Griffith was seen carrying two very ordinary items. Those circumstances are not present in this case.

Ms. Waterfield identified a dark blue nylon carry-on/duffel bag with red piping as one of the items stolen from her home. Immediately after and within the vicinity of the burglaries, Cullipher was identified by several neighborhood residents as carrying a dark colored bag. Ms. Mitchell, who had contact twice with Cullipher, informed the police that she observed him with a bag that "was blue with a little bit of red on it, kind of a carry on bag."

Unlike the ordinary cardboard box and covering discussed in Griffith, the red piping found on the bag made it sufficiently identifiable. Cullipher was identified by neighborhood residents as being in the area at the time the burglaries were committed. Coupled with the fact that he was observed in

-

possession of a blue bag "with a little bit of red on it," the evidence was sufficient to sustain his burglary and grand larceny convictions.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>