## Norfolk

WINFRED RANDOLPH BRIGHT

v.

## COMMONWEALTH OF VIRGINIA

No. 0818-85

Decided May 19, 1987

COUNSEL

L. G. Fitchett, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General; Marla Lynn Graff, Assistant Attorney General, on brief), for appellee.

OPINION

**BAKER, J.** — Winfred Randolph Bright (appellant) appeals from the May 16, 1985 judgments of the Circuit Court of the County of Gloucester (trial court) which approved jury verdicts convicting him of statutory burglary and petit larceny. Appellant raises two issues on appeal: (1) whether the Commonwealth's evidence was sufficient to convict him; and (2) whether the trial court erred by

admitting into evidence a letter written by appellant. Finding no error, we affirm.

The Commonwealth's evidence disclosed that on the night of Monday, November 5, 1984, Andrew Cochran, the victim, left his house unoccupied. Cochran testified that a member of his family usually was home at night. Later that week, Cochran discovered that his .38 Smith and Wesson handgun and his gold pocket watch were missing from the house. He did not grant anyone permission to take the items. He also noticed that a new window that he was installing was partially opened after he thought he secured it with "shipping blocks that come with the windows."

Sometime between November 5 and 7, 1984, appellant approached Mark Robins with Cochran's handgun and asked if Robins knew of someone interested in buying a pistol. Robins knew a potential buyer, sold the gun for appellant and gave appellant the money.

After appellant was arrested, he wrote an unsigned letter from the Northumberland County jail to Mark Robins asking Robins to help him "beat this charge." The letter was returned to the jail when the addressee was not found and was given to Corporal Crotty, the investigating officer. Crotty read it, concluded that appellant wrote it and sent a copy to appellant. Appellant then notified Crotty that he wished to speak with him. After appellant stated that he was still familiar with his constitutional rights which were given him earlier, he admitted writing the letter. The letter was introduced into evidence over appellant's objection. Appellant did not object to the admission of his statement to Crotty at the jail that he authored the letter. At the close of the Commonwealth's case, the court denied appellant's motion to strike the evidence as being insufficient to go to the jury. Appellant then adduced evidence on his own behalf, renewed the motion to strike and was again overruled.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982); *Evans v. Commonwealth*, 215 Va. 609, 612, 212 S.E.2d 268, 271 (1975). The judgment of the trial court shall not be set aside unless it appears from the evidence that said judgment is plainly wrong or without

evidence to support it. Code § 8.01-680; *Fisher v. Commonwealth*, 228 Va. 296, 299, 321 S.E.2d 202, 203 (1984).

## I. PETIT LARCENY

Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods. *Dunlavey v. Commonwealth*, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945). Once the crime is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor. Here, the victim testified that he gave no one permission to take his handgun. Appellant possessed the gun within two days of November 5, 1984, the estimated date of the theft. The jury chose not to believe appellant, who first stated to Corporal Crotty that he purchased the gun from Michael Wilson for $30, then testified at trial that he purchased it from his nephew, Terrence Bright, for $20. Appellant's recent exclusive possession of the stolen handgun and the conflicting or false explanation as to where he obtained it support the finding of guilt as to petit larceny. *Fout v. Commonwealth*, 199 Va. 184, 191, 98 S.E.2d 817, 821-22 (1957).

## II. BURGLARY

The Commonwealth can establish a *prima facie* case that appellant broke and entered by (1) proving that goods were stolen from a house which was broken into; (2) justifying the inference that both offenses were committed at the same time, by the same person, as part of the same criminal enterprise; and (3) proving that the goods were found soon thereafter in the possession of the accused. *Guynn v. Commonwealth*, 220 Va. 478, 480, 259 S.E.2d 822, 823-24 (1979); *Brown v. Commonwealth*, 213 Va. 748, 750, 195 S.E.2d 703, 705 (1973); *Sullivan v. Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969), *cert. denied*, 397 U.S. 998 1970).

Here, the victim testified that a window which he secured was partially opened and that his handgun and watch were missing after he left the house unoccupied one night. The degree of breaking sufficient to support a burglary conviction is slight.

Breaking, as an element of the crime of burglary, may be either actual or constructive . . . . Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime.

*Johnson v. Commonwealth*, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981) (quoting *Davis v. Commonwealth*, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)) (citations omitted). The opening of a secured window is sufficient to constitute the element of breaking. *See id.*

■ Appellant hypothesizes that someone other than him, perhaps a family member of the victim, opened the window. Once the Commonwealth establishes a *prima facie* case, "[i]t is the province of the [fact finder] to determine the inferences to be drawn from [the] evidence." *Cook v. Commonwealth*, 226 Va. 427, 432, 309 S.E.2d 325, 328-29 (1983); *see also Underwood v. Commonwealth*, 218 Va. 1045, 1049, 243 S.E.2d 231, 233 (1978). The jury considered the evidence and rejected, as it was entitled to do, the inference appellant contends it should have drawn. The hypotheses of innocence that must be excluded by the Commonwealth are "those which flow from the evidence itself, and not from the imaginations of [appellant]." *Cook*, 226 Va. at 433, 309 S.E.2d at 329. The record discloses no evidence that a family member of the victim opened the secured window, nor was the Commonwealth required to examine every person who may have had access to the window in order to establish a *prima facie* case of burglary.

The victim testified that the stolen items were seen in the house shortly before it was left unoccupied and the breaking was discovered, and were found missing shortly thereafter, thus justifying the inference that the burglary and the larceny were committed at the same time as part of the same criminal enterprise. *See Cannady v. Commonwealth*, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970).

Appellant, who solicited Mark Robins to help him sell the stolen handgun within two days after the estimated date of the burglary, was shown to be in recent possession of the fruits of the

burglary.

> Under Virginia law, upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, "the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

*Cannady*, 210 Va. at 535, 172 S.E.2d at 781 (quoting *Sullivan v. Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969)). The jury did not believe appellant's explanation to the police that he got the gun from Mike Wilson nor did it believe his testimony at trial that his nephew, Terrence Bright, gave it to him. The evidence of the breaking and entering and the theft of the handgun when considered together with the fact of appellant's recent exclusive possession of the gun and contradictory explanations for such possession support the jury verdict.

### III. ADMISSION OF THE LETTER

Appellant argues that the admission into evidence of the letter he wrote to Mark Robins seeking Robins' help to "beat this charge," violated his sixth amendment right to counsel. Appellant did not object to the admission of Crotty's testimony that appellant told him that he (appellant) authored the letter, thus no sixth amendment problem is presented. There is no question as to the letter's genuineness as appellant claimed authorship of it. It is clearly relevant to the facts in issue and was thus properly admitted. *Fry v. Leslie*, 87 Va. 269, 277, 12 S.E. 671, 672-73 (1891).

Accordingly, the judgments of the trial court are affirmed.

*Affirmed.*

Coleman, J., concurred.

Barrow, J., concurring in part and dissenting in part.

I agree that the appellant's letter was admissible and that the evidence was sufficient to support the conviction of petit larceny; however, I do not agree that the evidence was sufficient to support the conviction of burglary. The defendant's possession of the stolen gun, standing alone, was insufficient to establish that he broke and entered the victim's home. Furthermore, the evidence did not establish that a breaking had occurred.

The victim could not say exactly when the thefts occurred. He recalled that he and his wife were both out of the home on the evening of Monday, November 5, 1984. He was attending a class and she was signing up for courses at the same school. Normally "[t]he children or somebody would have been home." A few days earlier his gold pocket watch had been in a little box on top of his dresser, but "[a]long in the middle of the [same] week" he discovered it missing and thought he had misplaced it. "[L]ater on" but again, "along in the middle of the [same] week," he read in the newspaper about "some guns being stolen." This prompted him to investigate to see if his gun was still in a shoe box in his closet where he normally kept it, and he discovered it was missing. He had seen his watch "a few days before" November 5, and had last seen the handgun two or three weeks previously but admitted he had not fired it in "a year or two." The theft was not reported until November 16, 1984.

Also, there was no evidence of how or when a breaking had occurred. The victim said that he was in the process of replacing some windows in his home and later found that one, which he thought was secured, was not. After placing the new window in position, he reinstalled shipping blocks that had come with the window and thought that these blocks had secured it. Later he discovered the window was partially open and that the window was not secured. There was no broken glass nor was there any evidence of how, when, or by whom the window was opened.

The rule concerning the possession of recently stolen property does not apply in cases of burglary in the same manner as it does for cases of larceny. *Fout v. Commonwealth*, 199 Va. 184, 190, 98 S.E.2d 817, 821-22 (1957); *Williams v. Commonwealth*, 193 Va. 764, 770-71, 71 S.E.2d 73, 76 (1952). Although the fact of such possession is a material circumstance to be considered with other inculpatory circumstances, *id.*, a *prima facie* case of burglary is not established unless there is a breaking which justifies the infer-

ence that the breaking and the theft were committed at the same time, by the same person, as part of the same criminal enterprise. *Guynn v. Commonwealth*, 220 Va. 478, 480, 259 S.E.2d 822, 823-24 (1979); *Brown v. Commonwealth*, 213 Va. 748, 750, 195 S.E.2d 703, 705 (1973); *Sullivan v. Commonwealth*, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969), *cert. denied*, 397 U.S. 998 (1970). The possession of stolen property is not in itself *prima facie* evidence of burglary. *Fields v. Commonwealth*, 215 Va. 120, 121, 207 S.E.2d 822, 823 (1974); *Williams v. Commonwealth*, 193 Va. at 770-71, 71 S.E.2d at 76.

The evidence in this case does not justify a finding that a breaking occurred. The only evidence of a breaking was a partially opened window. There was no broken glass, no damage to the sill or other parts of the window, no tracks of mud or dirt indicating that the window was opened and entered surreptitiously. There was no evidence that the window was closed when the occupants retired for the evening and mysteriously opened when they awoke. The evidence does not reveal when the window was last closed nor does it exclude the possibility that it was opened innocently.

Furthermore, even if the window had been opened by someone not authorized to do so, the evidence does not permit an inference that it was opened at the same time as the theft of the gun and the watch. The victim could not say that the two events coincided. He could not identify with precision when each of the events occurred. At best his testimony suggests that they occurred sometime during a period of several weeks.

The fact-finder could not have concluded beyond a reasonable doubt that a breaking and entering occurred or that the thefts and a breaking and entry occurred at the same time. Therefore, I would reverse the conviction of burglary and affirm the conviction of petit larceny.