978 F.2d 1257
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Michael L. MANGUM, Defendant-Appellant.
 No. 91-5545.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1992
Decided: October 29, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-90-109)
 Charles R. Allen, Jr., Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellees.
 W.D.Va.
 Affirmed.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Lynn Mangum entered a guilty plea to possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Supp. II 1990). After reviewing Mangum's presentence report, the court determined that he was subject to an enhanced sentence under 18 U.S.C. § 924(e) (Supp. II 1990), and sentenced him to the mandatory minimum of fifteen years imprisonment. Mangum noted a timely appeal contesting the reliability of information in the presentence report about his prior record. Because Mangum did not object to the presentence report at sentencing, he has waived appellate review. Finding that the court did not commit plain error, we affirm.
 
 
 2
 The government filed an information notifying Mangum that he was subject to an enhanced sentence under 18 U.S.C. 924(e), which provides that any person who violates 18 U.S.C.s 922(g) and has three previous convictions for a violent felony, serious drug offense, or both, committed on different occasions shall be fined up to $25,000 and imprisoned for at least fifteen years. The information enumerated three prior Virginia convictions: possession of heroin and methamphetamines, statutory burglary, and robbery.
 
 
 3
 Mangum's presentence report enumerated the same convictions except it listed the dates his sentences were imposed instead of dates of conviction and referred to possession with intent to distribute heroin and other drugs, not simple possession. The defense called the probation officer as a witness at the sentencing hearing but did not question him concerning the drug offense. He stated without objection that Mangum was convicted of three felonies. The defense voiced no objections to the presentence report. Mangum himself acknowledged his prior convictions in his own testimony at sentencing. The court found "ample evidence to support the fact that you [Mangum] are guilty and the fact that you have been convicted prior to committing this offense of three (3) crimes of violence."
 
 
 4
 Sentencing errors cannot be raised for the first time on appeal. Wren v. United States, 540 F.2d 643, 644 n.1 (4th Cir. 1975). The adoption of the Sentencing Guidelines has not changed the basic requirement that one must preserve issues for review by presenting them to the district court. See United States v. Taylor, 868 F.2d 125, 127 (5th Cir. 1989). When no objection is made at the sentencing hearing, such a failure results in waiver. United States v. Davis, 954 F.2d 182, 186-87 (4th Cir. 1992). But incorrect application of the guidelines constituting plain error may be reviewed for the first time on appeal. Fed. R. Crim. P. 52(b).
 
 
 5
 The plain error rule authorizes this Court to correct only "particularly egregious errors" that "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985). The plain error exception should be used "sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." Id. Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error. United States v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 59 U.S.L.W. 3770 (U.S. 1991).
 
 
 6
 Mangum argues that the sentencing court erred when it considered evidence of his prior record contained in his presentence report that conflicted with data in the information filed for enhancement. The presentence report noted a conviction for possession with intent to distribute heroin and other drugs while the information listed the offense as simple possession. Mangum did not file objections to the presentence report or raise this argument at the sentencing hearing. Therefore, Mangum has waived consideration of these issues on appeal.
 
 
 7
 We note that the data about Mangum's prior offenses in the presentence report was derived from state records. Though factual evidence relied upon by the sentencing court must have "some minimal indicium of reliability beyond mere allegation," United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991), the defendant has the burden of showing that information in the presentence report is unreliable or inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). Mangum did not make that showing. Since Mangum's uncontradicted presentence report was sufficiently reliable to support a finding that he had a prior conviction for a serious drug offense as defined in § 924(e), the court did not commit plain error in relying on this information.
 
 
 8
 Mangum also argues that the court erred in considering his Virginia convictions for statutory burglary as crimes of violence. Burglary is one of the enumerated offenses classed as a "violent felony" for sentence enhancement purposes in 18 U.S.C. § 924(e)(2)(B)(ii). Burglary for purposes of enhancement under § 924(e) is"any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). At the time of Mangum's prior offense, statutory burglary was defined in Virginia as an entry with or without breaking, with the intent to commit larceny or any felony other than murder, rape or robbery. Va. Code Ann. § 18.2-91 (Michie 1975); Fields v. Commonwealth, 207 S.E.2d 822 (Va. 1974); Smyth v. Morrison, 107 S.E.2d 430 (Va. 1959). Therefore, Mangum was convicted of conduct involving unlawful entry into a structure with intent to commit a crime that was appropriately used for enhancement under Taylor. No plain error appears.
 
 
 9
 Accordingly, we affirm Appellant's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED