COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


MARVIN MAURICE BRADSHAW

MEMORANDUM OPINION[*] BY

v.    Record No. 2901-00-1          JUDGE RUDOLPH BUMGARDNER, III
FEBRUARY 5, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Russell I. Townsend, Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on brief), for
appellant.

Susan M. Harris, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Marvin Maurice Bradshaw was convicted of two counts each of

statutory burglary, grand larceny, and property damage.  He

contends the evidence was insufficient to prove (1) burglary or

(2) property damage and (3) the trial court erred in finding he

committed two separate larcenies.  Finding no error, we affirm.

"[W]e review the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  The [trial court's] judgment . . .

will not be set aside unless it appears from the evidence that

the judgment is plainly wrong or without evidence to support

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

it."  <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Imaad Naser Salem owned a gas station and convenience store.  He did not work a fixed shift at the store, but he actively managed the gasoline and cigarette inventories.  Salem maintained a daily cigarette inventory of $15,000 to $20,000 at the store.  Before sale, Salem placed a unique mark over the manufacturer's bar code on each pack.  He checked each evening to make sure the cigarette racks were full.

On August 7, 2000, Salem left the store around 10:00 p.m. but returned when notified the burglar alarm had activated.  The left front window was shattered and the store burglarized.  Specific brands of cigarettes (Newports, Kools, and Salems), cigars (Black and Milds or Dutch Master), beer (Natural Ice), and wine (MD 20/20) were taken.  Salem estimated more than $1,300 worth of cigarettes had been taken.  He estimated the damage to the window was $685 and testified the alarm sensor remained broken.

On August 10, 2000, Salem left the store before 9:00 p.m. but returned when police discovered the right front window shattered.  The same brands of cigarettes, beer, and wine were missing, but a different brand of cigars, "Optimos," were taken.  Salem estimated that more than $1,000 worth of cigarettes and approximately $100 worth of Optimo cigars were taken that night.

-

The police executed a search warrant for the defendant's residence on August 10, 2000, between 10:50 and 11:50 p.m. The owner of his rooming house told the police she had seen the defendant on August 9, 2000 at approximately 1:30 a.m. carrying a soft brown suitcase. It was full of individual packs of Newport Light 100 and Kool cigarettes and packs of cigars.

On the dresser in the defendant's room the police recovered individual packs of Kool and Newport King cigarettes, and packs of Black and Mild and Optimo cigars. A black bag also contained cigarettes and cigars. The police found in the trash empty Natural Ice 12-pack cartons. Salem identified the cigarettes by his unique markings as those taken from his store. The owner of the house denied owning any of the items found there.

The defendant concedes the Commonwealth proved he possessed recently stolen goods. He contends, however, that the inference raised from such possession is insufficient to support a burglary conviction.

> The Commonwealth can establish a prima facie case that appellant broke and entered by (1) proving that goods were stolen from a [store] which was broken into; (2) justifying the inference that both offenses were committed at the same time, by the same person, as part of the same criminal enterprise; and (3) proving that the goods were found soon thereafter in the possession of the accused.

Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citations omitted); Sullivan v. Commonwealth, 210 Va.

-

201, 203, 169 S.E.2d 577, 579 (1969) (credit card found on defendant three months later sufficient); <u>Ferrell v. Commonwealth</u>, 11 Va. App. 380, 388, 399 S.E.2d 614, 618 (1990).

The Commonwealth proved the convenience store was broken into on August 7 and 10. Both times the entry was by breaking a front window after closing. On both occasions, only specific brands of menthol cigarettes and a particular brand of beer were taken. The storeowner identified the items as coming from his store by their brand and special markings that he had placed on them. The evidence permits the inference that on both occasions the break-in and theft occurred at the same time and the same person committed them as part of the same criminal enterprise.

Two days after the first incident, the defendant was seen with a suitcase filled with the particular brands of cigarettes and cigars taken on August 7. On the night of the second burglary, the police found the defendant in possession of several packs of Optimo cigars, which were stolen only on the second occasion, August 10. The defendant was in recent, exclusive possession of property stolen during each of two break-ins, which gives rise to the inference that he committed both burglaries. <u>Bright</u>, 4 Va. App. at 253, 356 S.E.2d at 445. The trial court relied on that inference and concluded, "it was pretty much an overwhelming circumstantial case." The large quantity of items recovered from the defendant's possession negates any possible hypothesis of innocence.

-

The defendant contends the evidence does not support his convictions of two grand larcenies because it does not prove on each occasion the items stolen were valued at more than $200. "[T]he opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property . . . ." Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994) (citation omitted). The owner testified that on August 7 cigarettes worth more than $1,000 were taken and that on August 10 cigarettes worth more than $1,300 were taken. The evidence proved that the value of the property stolen on both occasions exceeded $200.

The defendant also contends the trial court erred in convicting him of both property damage and burglary because they were the same act. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Moreover, if it is reasonable to infer that the defendant broke into the store, it is reasonable to infer he did so by breaking the window that permitted entry. Property damage is not a lesser-included offense of breaking and entering; they are separate criminal acts. Blockburger v. United States, 284 U.S. 299, 302 (1932).

We affirm the trial court.

Affirmed.

-