COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


LEVON DENARD COOPER

                                  MEMORANDUM OPINION[*] BY
v.    Record No. 0190-01-2      JUDGE JEAN HARRISON CLEMENTS
                                       FEBRUARY 12, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Thomas N. Nance, Judge

              Craig W. Stallard, Assistant Public Defender
              (Patricia P. Nagel, Assistant Public
              Defender; Office of the Public Defender, on
              brief), for appellant.

              Eugene Murphy, Assistant Attorney General
              (Randolph A. Beales, Attorney General, on
              brief), for appellee.


     Appellant Levon Denard Cooper was convicted in a bench trial

of grand larceny of an automobile in violation of Code § 18.2-95.

On appeal, he contends the evidence was not sufficient to sustain

his conviction.  We disagree and affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

proceedings as necessary to the parties' understanding of the

disposition of this appeal.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Cooper contends the evidence was insufficient to support his larceny conviction because the Commonwealth failed to prove that he knew the car he was driving was stolen. The evidence, he argues, merely showed that he was driving a car that, unbeknownst to him, had been stolen six weeks earlier. Such evidence, he asserts, was insufficient to allow the trial court to infer that he was the one who had stolen the car. Moreover, he argues, even if such an inference of larceny was permitted, his evidence was sufficient to rebut it.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993). We will not disturb the conviction unless it is plainly wrong or

-

unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

"At common law, larceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently."  Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977).  Code § 18.2-95 provides that grand larceny includes "larceny not from the person of another of goods and chattels of the value of $200.00 or more."  Furthermore, "the unexplained possession of recently stolen goods permits an inference of larceny by the possessor."  Bright, 4 Va. App. at 251, 356 S.E.2d at 444.  In other words, "'[p]ossession of goods recently stolen is prima facie evidence of guilt of the crime of larceny, and throws upon the accused the burden of accounting for that possession.'"  Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990) (en banc) (quoting Fout v. Commonwealth, 199 Va. 184, 190, 98 S.E.2d 817, 821 (1957)).

In this case, Cooper does not dispute that the Commonwealth's evidence was sufficient to establish that the victim's car was stolen on May 4, 2000.  Likewise, he concedes that he, as the driver of the car, was in possession of it on June 19, 2000.  He contends, however, that the Commonwealth failed to prove beyond a reasonable doubt that he knew the car was stolen.  His mere use of a car that he does not know is stolen is insufficient, he argues, to prove he stole the car, especially since he was able to reasonably explain his possession of the car.  Thus, the issue

-

before us is whether it was proper, under the facts of this case, for the trial court to infer guilt from Cooper's possession of the stolen car.

There is no direct evidence linking Cooper to the theft of the car. The evidence establishes, however, that on the evening of May 4, 2000, Greg Walters parked his white 1991 Ford Thunderbird car in a restaurant parking lot at Glenside and Broad Streets. Walters left a spare set of car keys in the car's middle console. The car, according to Walters, was undamaged when he left it that evening. The following morning, the car was gone. Walters called the police and reported his car stolen.

The evidence further establishes that, on June 19, 2000, while on patrol, Richmond City Police Officer Steven Kuzniewski observed Cooper driving a white Ford Thunderbird car, which, when Kuzniewski first saw it, was stopped in the middle of the road. Kuzniewski saw a man on the side of the road approach the stopped car and get in. The car then started down the road.

Intending to stop the driver of the Thunderbird for improper stopping and taking on passengers in the street, Kuzniewski turned his vehicle around and got behind the other car. As Kuzniewski followed the Thunderbird down the block, his partner ran a DMV check on the car's license plates and discovered that the car had been reported stolen. Kuzniewski activated his vehicle's lights and siren, and Cooper pulled over.

-

However, before the officers could exit their car, Cooper looked back at them and then drove away. Kuzniewski pursued Cooper for approximately twelve blocks, at which point Cooper stopped the car and fled on foot, leaving two passengers in the car. Kuzniewski and his partner pursued him and were able to apprehend him a few blocks away. They placed him under arrest for driving a stolen vehicle. Cooper told the officers that he had run from them because his license was suspended, but he gave them no explanation for his possession of the stolen car.

Returning, approximately fifteen minutes later, to the stolen vehicle, Kuzniewski observed that the steering column had been "popped" on the left side. Approximately five inches of the plastic covering had been ripped off the steering column, exposing the inside of the ignition system, including "a little piece of metal that was sticking out." According to Kuzniewski, that metal piece was a "switch you move up and down [and] around to start" the car. There were no keys in the ignition itself, which was intact, but Kuzniewski did find keys in the car's middle console. Kuzniewski testified that the damage to the steering column was plainly visible to anyone driving the car.

Initially, we find that Cooper's admitted possession of the stolen car was sufficiently recent, as a matter of law, to establish a prima facie case of larceny and, thus, justify the inference that Cooper stole the car. See Sullivan v. Commonwealth, 210 Va. 201, 204, 169 S.E.2d 577, 579 (1969)

-

(holding that possession of stolen goods two and a half months after they were stolen is not, as a matter of law, too long a time to consider goods recently stolen); <u>Wilborne v. Commonwealth</u>, 182 Va. 63, 68-69, 28 S.E.2d 1, 3-4 (1943) (holding that three months is not too long a time to permit the recent-possession inference). We turn, then, to Cooper's claims that he did not know the car was stolen and that the evidence he presented was sufficient to rebut the inference that he was the one who stole the car.

Testifying on his own behalf, Cooper denied knowing the car was stolen. He testified that Duke, a person he had known for five years but whose last name he did not know, picked him up in the morning and drove him to the "Temp agency." Duke got a job but Cooper did not, so Duke let him borrow the car for the day. Cooper had seen Duke driving the car several times before that day. Duke had told him that the car belonged to a friend of his. Cooper testified that he used a key to start the car and that he never noticed the damaged steering column. He further testified that, when he stopped the car to flee the police on foot, he left the key in the ignition. According to Cooper, he fled from the police because his license was suspended and he had already been convicted of driving on a suspended license twice before. Thus, he "panicked." Cooper also testified that, when apprehended by the police, he told them that Duke had lent him the car.

-

While Cooper's account of how he obtained possession of the recently stolen car would, if found credible by the trial court, overcome the inference that he stole the car, the trial court obviously did not believe Cooper's explanation. The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve in part or in whole the testimony of any witness. Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Furthermore, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Thus, the trial court was not required to accept Cooper's testimony as to why he had possession of the recently stolen car.

Based on our review of the record, we cannot say that the trial court's decision to reject Cooper's explanation was plainly wrong or without evidence to support it. In the light most favorable to the Commonwealth, the evidence clearly showed that Cooper knew the car was stolen. He could plainly see the damaged steering wheel column, and he started and drove the car without a key in the ignition. Furthermore, after being pulled over by the police, he fled, and, when apprehended, he gave the officers no explanation for his possession of the recently stolen vehicle. He did not tell them that Duke had lent him the

-

car for the day.  This evidence supports the trial court's finding that Cooper's explanation of his possession of the stolen car was not credible.

Cooper having failed to credibly explain his possession of the recently stolen car, the trial court was entitled to conclude that Cooper stole the car.  We hold, therefore, that the evidence was sufficient to prove beyond a reasonable doubt that Cooper committed the larceny.

Accordingly, we affirm Cooper's conviction.

<u>Affirmed.</u>