COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


TRISHA DAWN ARNOLD

                                          MEMORANDUM OPINION* BY
v.    Record No. 2929-00-2               JUDGE JEAN HARRISON CLEMENTS
                                                MARCH 5, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                       John W. Scott, Jr., Judge

              Mark A. Murphy (Mark A. Murphy & Associates,
              on brief), for appellant.

              Virginia B. Theisen, Assistant Attorney
              General (Randolph A. Beales, Attorney
              General, on brief), for appellee.


     Trisha Dawn Arnold was convicted in a bench trial of being an

accessory before the fact to possession of cocaine with intent to

distribute, in violation of Code §§ 18.2-248 and 18.2-18.  On

appeal, she contends (1) the evidence was not sufficient to

sustain the conviction and (2) the trial court erred in admitting

into evidence an unsigned, undated handwritten note found in the

home she shared with the principal, Thomas Payne.  Finding the

evidence insufficient to convict Arnold, we reverse her conviction

and dismiss the indictment.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and other incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997).  We will not disturb a conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

Our Supreme Court has consistently defined an "accessory" as "'one not present at the commission of the offense, but who is in some way concerned therein, either before or after, as [a] contriver, instigator or adviser, or as a receiver or protector of the perpetrator.'"  McGhee v. Commonwealth, 221 Va. 422, 425, 270 S.E.2d 729, 731 (1980) (alteration in original) (quoting Tolley v. Commonwealth, 216 Va. 341, 348, 218 S.E.2d 550, 555 (1975)). Thus, for Arnold to be convicted as an accessory before the fact to possession of cocaine with intent to distribute, the Commonwealth had to prove beyond a reasonable doubt (1) that the crime of possession of cocaine with intent to distribute was committed, (2) that Arnold was absent at the commission of the

-

crime, and (3) "that, before the commission of the crime, [Arnold] was 'in some way concerned therein . . . as [a] contriver, instigator or advisor.'" Id. at 425-26, 270 S.E.2d at 731 (quoting Tolley, 216 Va. at 348, 218 S.E.2d at 555).

The evidence presented in this case established that, commencing at approximately 8:30 p.m. on June 1, 2000, Detective Lynch conducted surveillance of the residence of Payne and Arnold. During the approximately one-and-a-half-hour-long surveillance, Lynch observed Payne outside the house working on a motorcycle and "racing it up and down the street." On three separate occasions, a vehicle pulled up in front of the house. Each time, Payne talked to the occupant of the vehicle, entered the residence, reemerged a short time later, and exchanged with the occupant of the vehicle "a small item for another small item." The driver then drove off. Each incident lasted "no more than a minute or two." Lynch could not identify the items exchanged by Payne and the occupants of the vehicles. At one point during the surveillance, Lynch saw Arnold standing at the front door of the residence but could not say whether it was when any of the exchanges involving Payne occurred.

Following the surveillance, Lynch and two other detectives entered the house and executed a search warrant at 10:19 p.m. The detectives discovered that Arnold was the only one at home. The detectives explained to Arnold that they were there because they "knew there were drugs being sold out of the home." Arnold told

-

the detectives that she and Payne had been "boyfriend and girlfriend" for two years and that they had been living in the house where the search warrant was executed for two months. She also volunteered that "Payne kept cocaine in the flour canister in the kitchen." The detectives found cocaine in a canister on the kitchen counter. They also found two thousand dollars in plain view on a television stand in the living room, a scale "commonly used to weigh illegal controlled substances" on the kitchen counter, plastic sandwich bags in a kitchen cabinet, a bag of cocaine inside a hole in the wall of a shed attached to the house, nine hundred fifty-seven dollars in a hole in a lamp in the master bedroom, a shoulder holster, rifle, and bullets in a downstairs closet, ammunition for .22 and .25 caliber weapons in the master bedroom closet, and an unsigned, undated handwritten note in a dresser drawer in the master bedroom that read, in part, "I hate the fact that [Thomas] sells . . . ."

The Commonwealth indicted and tried Arnold for having been in possession of cocaine on June 1, 2000, with the intent to distribute it. However, the trial court, finding that the evidence was insufficient to convict Arnold of that charge, convicted her instead of having been an accessory before the fact to possession of cocaine with intent to distribute.

The Commonwealth's evidence upon which Arnold's conviction was based spanned the period of time on June 1, 2000, between the beginning of Detective Lynch's surveillance and the completion of

-

the detectives' execution of the search warrant.  Detective Lynch saw Arnold in the residence during his surveillance, and the detectives found Arnold in the residence when they entered the house and executed the search warrant.  Consequently, we find that the Commonwealth's evidence, even when viewed in the light most favorable to the Commonwealth, failed to prove beyond a reasonable doubt that Arnold was absent during the commission of the crime, as required to convict her as an accessory before the fact.  Thus, we hold that the evidence presented at trial was insufficient, as a matter of law, to sustain Arnold's conviction.

Accordingly, we reverse Arnold's conviction and dismiss the indictment.[1]

<u>Reversed and dismissed.</u>

---

[1] Because we reverse Arnold's conviction on the basis of insufficient evidence, we do not address her second assignment of error.

-