COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


WARREN LEWIS BAKER

MEMORANDUM OPINION* BY
v.    Record No. 2391-01-2          JUDGE RICHARD S. BRAY
                                    JUNE 18, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Robert P. Geary for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Warren Lewis Baker (defendant) was convicted in a bench trial

for grand larceny of an automobile in violation of Code § 18.2-95.

On appeal, he contends the evidence was insufficient to identify

him as the criminal actor. We agree and reverse the trial court.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

I.

In reviewing the sufficiency of the evidence, we consider the

record "'in the light most favorable to the Commonwealth, giving

it all reasonable inferences fairly deducible therefrom." Watkins

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence. See Code § 8.01-680.

Viewed accordingly, the record establishes that, on the morning of April 10, 2000, Jackson Hudson, an employee of Southern States Cooperative (Southern States), arrived at work and discovered a "gold-tan" "Ford wagon," "VIN number 1FAFP58U4XG295654," property of Southern States, missing from the parking area. Hudson testified the keys to the car were "kept on a pegboard in the office adjacent to [his] office," and the "last time [the car] was driven was around the 31st of March, 1st of April," although the vehicle was seen on the premises "around the 4th or 5th [of April]." Several days thereafter, Hudson recovered the car, then repainted black, from a "Maaco paint and body shop."

James Smith, owner and manager of the Maaco facility, testified that the stolen car was brought to his "shop" on April 10, 2000, by a "young ["black"] male" identifying himself as "Warren Baker." The man instructed Smith to "sand some chips out of the front bumper" and "[c]hange the color," a request that "surprised" Smith because the vehicle was "practically new." Upon completion of the work, the individual returned to Maaco and "put

-

a partial payment down," but never "pick[ed] the car up," prompting Smith to "call[] the police." Asked by the prosecutor "whether or not that individual is in the courtroom," Smith answered, "I'm going to be honest with you. I couldn't say because at that time he had hair."

Henrico County Police Investigator L.C. Tyler investigated the subject offense and obtained a warrant for defendant's related arrest on April 17, 2000. Aware defendant was then an "employee" of Southern States, working on an "evening" "cleaning crew," Tyler and another officer "served th[e] warrant on him at his work."

At the close of the Commonwealth's case-in-chief and, again, after resting without presenting evidence, defendant moved to strike, arguing "there was no identification made that the person, in fact, who brought the car [to the Maaco shop] was . . . defendant." The trial court denied the motion and convicted defendant of grand larceny, resulting in this appeal.

II.

Defendant challenges the sufficiency of the evidence, arguing the Commonwealth failed to establish defendant's identity as the offender. We agree.

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). "Once the crime is established, the unexplained possession of

-

recently stolen goods permits an inference of larceny by the possessor." Id.

> In order for the presumption to arise, the possession must be exclusive, but "[o]ne can be in exclusive possession of an item when he jointly possesses it with another," as long as "the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over [it]."

Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (quoting Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)).

When "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Here, the evidence established that "a young ["black"] male," identifying himself as "Warren Baker," appeared at Maaco in possession of the stolen vehicle and ordered the car repainted, together with additional cosmetic work.  However, no evidence otherwise identified defendant as the Maaco customer.  Thus, the record doesn't sufficiently prove possession of the stolen property in defendant, evidence necessary to support the inference that he committed larceny of the vehicle.  Unaided by the inference, the Commonwealth's evidence was clearly insufficient to support the conviction.  Investigator Tyler testified defendant was employed by Southern States at the time of arrest, a week following the offense.  However, nothing suggests defendant had prior access to the premises, the keys to the vehicle or the vehicle.

Accordingly, we find the evidence insufficient to prove beyond a reasonable doubt defendant was the perpetrator of the larceny and reverse the conviction.

<u>Reversed and dismissed</u>.

-