COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


ABDULLAHI ABDIRIZAK ISSAK
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1853-02-4          JUDGE LARRY G. ELDER
                                         JUNE 17, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        John E. Kloch, Judge

          Paul E. Pepper, Senior Assistant Public
          Defender, for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Abdullahi Abdirizak Issak (appellant) appeals from his

convictions for credit card theft and burglary.  On appeal, he

contends that the trial court erroneously (1) admitted a

MasterCard receipt for the purchase of jewelry when the victim

testified that her missing credit card was a Visa; (2) convicted

him on an indictment charging theft of a Visa card when the

evidence proved the theft involved a MasterCard; and (3)

convicted him of burglary when the evidence failed to prove

either that a burglary occurred or that he was in possession of

any of the property taken in the alleged burglary.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Because the Commonwealth joins in appellant's request for reversal of the conviction for credit card theft, we reverse and dismiss that count of the indictment without reaching the merits of that assignment of error. We hold that admission of the jewelry receipt was not error and that the evidence was sufficient to support appellant's burglary conviction. Thus, we affirm the burglary conviction, reverse the credit card theft conviction, and dismiss Count II of the indictment.

I.

ANALYSIS

A.

ADMISSIBILITY OF CREDIT CARD RECEIPT FROM L'ARTESAN

Appellant contends that Commonwealth's Exhibit 1, a credit card receipt for jewelry from L'Artesan, was erroneously admitted because it was irrelevant.

"Evidence is admissible if it is both relevant and material." Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "Evidence is material if it relates to a matter properly at issue" and "'relevant if it tends to establish the proposition for which it is offered.'" Id. (quoting Charles E. Friend, The Law of Evidence in Virginia § 134 (2d ed. 1983)). "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of

-

discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Here, proof that appellant possessed and used the victim's Citibank credit card was probative of whether he was guilty of burglary and credit card theft.  The Commonwealth's evidence established that appellant used a credit card to make the purchase memorialized by Commonwealth's Exhibit 1, the L'Artesan receipt.  The victim testified that her Citibank credit card was a Visa, whereas other evidence established that the credit card used to make the L'Artesan purchase was a MasterCard.  However, the victim also testified that the L'Artesan receipt bore the same credit card number that appeared on her Citibank credit card records.  Thus, the trial court did not abuse its discretion in admitting the exhibit and holding "[t]he rest goes to weight, not admissibility."

In any event, the admission of the L'Artesan receipt, if error, was harmless.  An error is harmless where the erroneously admitted evidence is merely cumulative of other, properly admitted evidence.  Freeman v. Commonwealth, 223 Va. 301, 316, 288 S.E.2d 461, 469 (1982).  Here, the Commonwealth offered the disputed L'Artesan receipt to prove that appellant used a credit card bearing the same number as the victim's missing Citibank credit card within hours of when the victim last had the card in her possession in her apartment.  However, Commonwealth's

Exhibit 3, a credit card receipt from Footlocker, constituted independent proof of this same fact.

Appellant initially objected to the victim's identification of Exhibit 3 as bearing her credit card number on the ground that she lacked independent knowledge of the number and merely based her identification on records she had received from the credit card company.  However, the trial court overruled this objection, and when the Commonwealth later sought to admit Exhibit 3 after the merchant had identified it and testified that it involved a MasterCard purchase, appellant posed no further objection.  Thus, appellant never claimed Exhibit 3 was inadmissible because of conflicting evidence regarding whether the card was a Visa or a MasterCard, and, on appeal, it posed no objection whatever to the admission of Exhibit 3.  Further, as to Exhibit 3, the victim provided even stronger testimony than she had as to Exhibit 1, stating that she had "compare[d] the [credit card] number . . . on [Commonwealth's Exhibit 3] with [her] records of her Citibank Visa account" and that "[t]hey are the same account."  (Emphasis added).  Thus, for purposes of our harmless error analysis, Commonwealth's Exhibit 3 was "properly admitted evidence" that rendered harmless any error caused by the admission of Exhibit 1.

-

B.

VARIANCE BETWEEN ALLEGATION IN INDICTMENT AND PROOF

On appeal, the Commonwealth consents to reversal and dismissal of appellant's conviction for credit card theft under Count II of the indictment. Upon consideration of appellee's confession of error, we grant the request for reversal of the conviction and dismissal of this count of the indictment without consideration of the merits of this assignment of error.

C.

SUFFICIENCY OF EVIDENCE TO PROVE BURGLARY

On appeal of a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to that evidence all reasonable inferences deducible therefrom. See, e.g., Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Appellant's conviction for burglary pursuant to Code § 18.2-91 required proof that he broke and entered the victim's residence with the intent to commit larceny therein. "Once [a] [larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987); see also Castle v. Commonwealth, 196 Va. 222, 226-27, 83 S.E.2d 360, 363 (1954).

In proving the elements of a crime, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to

-

exclude every reasonable hypothesis except that of guilt."
Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876
(1983). "[T]he Commonwealth need only exclude reasonable
hypotheses of innocence that flow from the evidence, not those
that spring from the imagination of the defendant." Hamilton v.
Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, the only reasonable hypotheses flowing from the
circumstantial evidence, viewed in the light most favorable to
the Commonwealth, established both (1) that a breaking and
entering and larceny occurred and (2) that appellant possessed
one of the credit cards taken in that burglary within hours of
the break-in, thereby permitting application of the inference
that he was the thief.

Despite appellant's claim that the victim "was not sure
when she last saw her credit cards," the victim testified, "I
had been out to the store earlier that day and I know [the
credit cards] were in my possession before I went to work" on
the afternoon of December 4, 2001. The victim testified that
she left the cards and some cash in her room--in her wallet and
her purse. The doors and windows to the apartment were closed
when she left. When the victim returned from work in the early
morning hours of December 5, 2001, she found a "big," "man
sized" "utility" glove on her bed and noticed that her bedroom
door was closed more than usual. No one other than the victim
and her roommate had had permission to be in the apartment

-

during that period of time.  Although the victim and her roommate saw no signs that any of the doors or windows had been forced open, the roommate said the back door may have been unlocked.  Later on December 5, 2001, the victim discovered that her money and two of her credit cards, including her Citibank credit card, were gone.  The roommate testified that she did not take or use the victim's credit cards or money.  Thus, the only reasonable hypothesis flowing from this evidence is that the disappearance of the credit cards and money resulted from a breaking and entering and larceny.  The absence of any eyewitnesses does not preclude a finding that these things occurred.

The evidence also establishes that appellant possessed the victim's stolen Citibank credit card within hours of the break-in.  The assistant manager at Footlocker identified appellant as the person who presented the MasterCard credit card used in the transaction memorialized by Commonwealth's Exhibit 3, which took place shortly after 9:00 p.m. on December 4, 2001. The victim testified that the Footlocker receipt bore the same credit card number as her Citibank credit card.  It is true that the victim originally testified her Citibank credit card was a Visa card.  However, when the victim was asked if she had had the chance "to compare the [credit card] number . . . on [Commonwealth's Exhibit 3] with [her] records of her Citibank Visa account," she responded that she had and that "[t]hey are

-

the same account."  (Emphasis added).  The victim also said that she did not "make any of [the] charges" reflected on the Footlocker receipt and had not authorized anyone else to make those charges.  The only reasonable hypothesis flowing from this evidence is that appellant made the Footlocker purchase using the victim's Citibank credit card, proving that appellant had possession of that credit card within hours of the burglary.

Thus, the evidence was sufficient to support appellant's conviction for burglary.

II.

For these reasons, we reverse appellant's conviction for credit card theft, dismiss Count II of the indictment, and affirm appellant's conviction for burglary.

Affirmed in part<br>and reversed and<br>dismissed in part.

-