COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


MARY KATE JOHNSON, S/K/A
 MARY K. HELEAN

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1764-03-4                    JUDGE JEAN HARRISON CLEMENTS
                                                  AUGUST 3, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      Rossie D. Alston, Jr., Judge

       Anthony Kostelecky (Larry R. Morton, on brief), for appellant.

       Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
       Attorney General, on brief), for appellee.


       Mary Kate Johnson (appellant) was convicted in a bench trial of grand larceny by false

pretenses, in violation of Code § 18.2-178.  On appeal, Johnson contends the evidence was

insufficient to sustain her conviction.  Finding no error, we affirm.

       As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

                                    I.  BACKGROUND

       When the sufficiency of the evidence is challenged on appeal, we review the evidence "in

the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987).

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence adduced by the Commonwealth at trial established that appellant's name is Mary Kathleen Helean and her maiden name is Mary Kathleen Johnson. She also uses her middle name and has been referred to as "Kate." On January 31, 2002, appellant presented a check for $2,500 at Synergy One Federal Credit Union ("Synergy") in Prince William County. The check was drawn on the "MetLife" account of "Mary Helean," made payable to "Mary K. Johnson," signed by "Mary K. Helean," and endorsed by "Mary K. Johnson." An account had been opened at Synergy in the name of Mary K. Johnson, but because that account was new and did not contain sufficient funds to cover the check, the teller informed appellant she could not cash the presented check. The teller explained to appellant that, in accordance with the bank's procedures, a "hold" would have to be placed on the check, meaning payment would not be made on the check until it was confirmed that appellant's MetLife account had sufficient funds to cover the check. After Johnson became angry at having to wait for the money, a supervisor at Synergy agreed to give her $100 in anticipation of payment on the check by the drawee. Days later, the drawee returned the check unpaid, stamped "Non-sufficient Funds."

Some time later, appellant returned to Synergy and presented a check for $320 for deposit into her account. The check was drawn on the "Navy Federal Credit Union" account of "Mary K. Helean and Andrew E. Helean," made payable to "Mary Johnson," signed by "Mary K. Helean," and endorsed by "Mary K. Johnson." Because of the previous account activity involving returned checks, the teller informed appellant that a "hold" would also have to be placed on this check. No funds were issued to appellant at that time. The check was subsequently returned unpaid by drawee, stamped "Account Closed."

Appellant's account history showed that $1,700 in cash was withdrawn from her account on February 14, 2002.

On February 28, 2002, a check for $2,800 was presented at Synergy for deposit into appellant's account. The check was drawn on the "Northrop Grumman Federal Credit Union" account of "Andrew E. Helean," made payable to "Mary K. Johnson," signed by someone with the last name of "Helean," and endorsed by "Mary K. Johnson." No funds were paid out at that time, and a "hold" was placed on the check. The teller who handled that transaction could not recall who presented the check. The check was returned unpaid by drawee, stamped "Account Closed."

On February 20, 25, and 28, 2002, Cynthia Bailey, a "collector" for Synergy, called the telephone number on appellant's account and asked to speak with Mary K. Johnson regarding the negative balance in her account. The person answering the phone, who identified herself as "Kate" on at least one occasion, indicated she was that person and acknowledged her debt of nearly $2,500. On each occasion, she told Bailey she would bring in a cashier's check to cover the negative balance. When no check arrived, Bailey called again on March 8, 2002, and discovered the phone had been disconnected. A certified letter sent to the address on the account, giving appellant "five days to make good on the returned check," was returned, stamped "Refused."

At the close of the Commonwealth's evidence, appellant's counsel stated to the trial court, "I'm — at this point I will stipulate to Commonwealth's made out *prima facie* case, and I'll proceed to call [appellant] to testify."

In her testimony, appellant denied having written the checks in question and denied ever having an account at Synergy. She also denied having used the name "Mary Johnson" in the early months of 2002. Johnson offered testimony that the crime for which she was charged may, in fact, have been committed by someone else. Johnson admitted she had been convicted of at least one felony and a number of other crimes involving lying, cheating, or stealing.

At the close of all of the evidence, the trial court explicitly found Johnson's testimony incredible and convicted her of grand larceny by false pretenses. This appeal followed.

## II. ANALYSIS

As stipulated by appellant at trial, the Commonwealth had presented a *prima facie* case for the charged crime at the close of its case. "A *prima facie* case is one [that] is established by sufficient evidence, which, if not rebutted, *remains sufficient*." Fout v. Commonwealth, 199 Va. 184, 194, 98 S.E.2d 817, 824 (1957) (emphasis added). Thus, the Commonwealth having met its burden of production and having established facts necessary for proper resolution by the trier of fact, appellant, in order to prevail on her argument before this Court that the evidence against her was insufficient as a matter of law, must have rebutted the *prima facie* case against her at trial.

The only evidence presented by appellant at trial was her own testimony. She offered a blanket denial of having committed the charged crime and a theory as to the guilty party. If credited, appellant's testimony was clearly exculpatory. However, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Moreover, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Hence, the trial court had broad discretion to weigh the credibility of the evidence presented in this case, and we cannot say it abused its discretion in not crediting appellant's testimony.

Thus, the trial court having rejected her testimony, we find appellant failed to rebut the *prima facie* case against her. Consequently, the evidence is sufficient as a matter of law to support her conviction.

Accordingly, we affirm appellant's conviction.

Affirmed.

- 4 -